*JUDGE SCHEINDLIN*

# 12 CIV 6354

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TONY HOLLEY and ANTHONY HOLLEY,                    Case No.

                                        Plaintiffs,


                -against-                           COMPLAINT

                                                   JURY DEMAND

THE CITY OF NEW YORK, P.O. MICHAEL
RODRIGUEZ [SHIELD # 27618], SERGEANT
ALEJAN ESCOBAR, and JOHN DOE AND
JANE DOE #1-10 (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.
-------------------------------------------------------------X

Plaintiffs, TONY HOLLEY and ANTHONY HOLLEY, by their attorney, The Law
Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New
York, P.O. Michael Rodriguez [Shield # 27618], Sergeant Alejan Escobar, and John Doe
and Jane Doe #1-10 (collectively, "defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1.        This is an action at law to redress the deprivation of rights secured to the
          plaintiffs under color of statute, ordinance, regulation, custom, and/or to
          redress the deprivation of rights, privileges, and immunities secured to the
          plaintiffs by the Fourth, Fifth, Sixth and Fourteenth Amendments to the
          Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985],
          [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.        The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
          U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the
          Fourth, Fifth, Sixth and Fourteenth Amendments to the United States
          Constitution.

3.        As the deprivation of rights complained of herein occurred within the
          Southern District of New York, venue is proper in this district pursuant to 28
          U.S.C. §1391 (b) and (c).

## THE PARTIES

4.      Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5.      At all relevant times, defendants P.O. Michael Rodriguez [Shield # 27618], Sergeant Alejan Escobar, and John Doe and Jane Doe #1-10 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6.      At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7.      At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8.      Plaintiffs are suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      On or about October 20, 2011, at approximately 4 p.m., defendant officers, acting in concert, arrested the plaintiffs without cause at or close to 592 West 207th Street, New York, New York, and charged each plaintiff with PL 155.30 'Grand larceny in the fourth degree', among other charges.

10.     Plaintiffs, however, did not steal any property and did not commit any offense against the laws of New York City and/or State for which any of the arrests may be lawfully made.

11.     Prior to the arrests, plaintiffs were on a shopping trip when defendant officers suddenly descended upon the plaintiffs with their weapons drawn, and immediately grabbed each plaintiff with great force.

12.     Plaintiffs were then immediately ordered by defendant officers to submit themselves to illegal search, with defendant officers pushing, shoving and kicking the plaintiffs.

13.     Even though defendant officers did not find anything illegal, defendant officers nonetheless tightly handcuffed the plaintiffs with their hands placed behind their backs.

14.     After falsely arresting the innocent plaintiffs, defendant officers pushed the plaintiffs into their police vehicle and transported the plaintiffs to the NYPD-34th Precinct.

15.     Eventually, after detaining the plaintiffs at the precinct for a lengthy period of time, plaintiffs were transported to the Central Booking to await arraignment even though the plaintiffs did not commit any crime or offense and defendant officers did not find anything illegal from their unlawful and unreasonable search of the plaintiffs.

16.     While plaintiffs were awaiting arraignment, defendant officers met with prosecutors employed by the New York County District Attorney's Office.

17.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiffs stole certain properties.

18.     Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiffs.

19.     That the prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by either plaintiff.

20.     As a result, the prosecutors declined to prosecute the plaintiffs.

21.     Eventually, after detaining the plaintiffs for a lengthy period of time, defendant officers summarily released the plaintiffs from their unlawful detention.

22.     That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or facility knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

23.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

24.     As a result of the aforesaid actions by defendant officers, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, financial losses, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

25.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 24 of this complaint as though fully set forth herein.

26.     The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, abuse of process, failure to intervene, illegal and unreasonable search and seizure, fabrication of evidence and denial of due process rights.

27.     Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

28.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY

29.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or

4

usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

31.    Additionally, defendant City of New York, acting through District Attorney Cyrus R. Vance, Jr. and the Office of the District Attorney of the New York County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

32.    Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are black, on the pretext that they were involved in some crime or offense.

33.    The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Michael Porter v. City of New York* (12 CV 3764); *Eric Klati v. City of New York* (11

5

CV 7041); *Marcus King v. City of New York* (11 CV 2920); *Omar Peralta v. City of New York* (11 CV 2919); *Dwayne Campbell v. City of New York* (11 CV 2917); *Nancy Smith v. City of New York* (10 CV 9331); *Francis Poku v. City of New York* (10 CV 3429); *Shamekka Crump v. City of New York* (10 CV 1152); *Valentine Moseley v. City of New York* (09 CV 6463); *Colin Bartley v. City of New York* (08 CV 10797, 09 CV 362).

34.     That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

35.     That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

36.     The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their persons and properties, to be free from abuse of process, the excessive use of force and the right to due process.

37.     By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

38.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39.     In an effort to find fault to use against the plaintiffs, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

40.     In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive the plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

41.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

42.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving the plaintiffs of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

44.     In addition, defendant officers conspired among themselves and conspired with other individuals to deprive the plaintiffs of their constitutional rights

secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45.     Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

46.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

## FIFTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to the plaintiffs.

49.     Plaintiffs' emotional distress has damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

50.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SIXTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

51.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52.     Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to the plaintiffs to prevent the physical and mental abuse sustained by the plaintiffs.

53.     Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to the plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to the plaintiffs or to those in a like situation would probably result from such conduct described herein.

54.     Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

55.     Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiffs' injuries.

56.     Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiffs incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
       August 20, 2012

UGO UZOH, P.C.

By:     Ugochukwu Uzoh (UU-9076)
        Attorney for the Plaintiffs
        304 Livingston Street, Suite 2R
        Brooklyn, NY 11217
        (718) 874-6045

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TONY HOLLEY and ANTHONY HOLLEY,

                                        Plaintiffs,

                against

THE CITY OF NEW YORK, P.O. MICHAEL RODRIGUEZ [SHIELD # 27618], SERGEANT ALEJAN ESCOBAR, and JOHN DOE AND JANE DOE #1-10 (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

---

**SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:

---

Defendant(s)/Attorney(s) For Defendant(s).

---

        Service of a copy of the within is hereby admitted

                Dated:_____

                Attorney(s) For:_____

---